**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Carlos MANCILLA–HERNANDEZ,
Defendant–Appellant.**

No. 06–10359
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 9, 2006.

Susan B. Cowger, U.S. Attorney's Office, Northern District of Texas, Juan Carlos Rodriguez, Dallas, TX, for Plaintiff–Appellee.

Jason Douglas Hawkins, Federal Public Defender's Office Northern District of Texas, Dallas, TX, for Defendant–Appellant.

Before BARKSDALE, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Carlos Mancilla–Hernandez raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose SANTANA–ARANA, also known as Martin Ortega–Rios, Defendant–Appellant.**

No. 06–10363
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 9, 2006.

Alan M. Buie, Nancy E. Larson, Assistant U.S. Attorney, U.S. Attorney's Office Northern District of Texas, Fort Worth, TX, for Plaintiff–Appellee.

Federal Public Defender's Office Northern District of Texas, Fort Worth, TX, for Defendant–Appellant.

Before BARKSDALE, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Jose Santana–Arana raises argu-

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

ments that are foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Abraham GARCIA–FRANCO,**
**Defendant–Appellant.**

No. 06–10454
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 9, 2006.

Juan Carlos Rodriguez, Dallas, TX, for Defendant–Appellant.

Carlos R Cardona, Assistant Federal Public Defender, Federal Public Defender's Office Northern District of Texas, Dallas, TX, for Plaintiff–Appellee.

Before BARKSDALE, DeMOSS, and PRADO, Circuit Judges.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Abraham Garcia–Franco raises arguments that are foreclosed by *United States v. Aguirre–Villa*, 460 F.3d 681, 683 (5th Cir.2006), which held that the district court's refusal to factor in, when sentencing a defendant, the sentencing disparity caused by early disposition programs does not render a sentence unreasonable, and by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Danny Jesse CORREA–JAEN, agent of**
**Danny Jesse Correa, Defendant–**
**Appellant.**

No. 06–20064
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 9, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.